IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT CAMPBELL, : | |
|     Petitioner : | |
|     v. : | Case No. 3:22-cv-62-KAP |
| BLAIR COUNTY COURTHOUSE : | |
| CLERK, *et al.*, : | |
|     Respondents : | |

<u>Memorandum Order</u>

Petitioner is in custody awaiting trial in four matters pending in the Court of Common Pleas of Blair County and has filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2241, seeking dismissal of all four: CP-07-CR-2648-2019, CP-07-CR-1328-2020, CP-07-CR-1710-2020, and CP-07-CR-749-2022. After preliminary review, *see* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Habeas Rule 1(b), the claims in the petition are unexhausted and the petition must be, and is, summarily denied. *See* 28 U.S.C.§ 2243.

Petitioner's motion at ECF no. 27 for release from unlawful confinement and motion at ECF no. 29 for summary judgment are therefore denied. The respondent's second motion for extension of time at ECF no. 30 is denied as moot.

A writ of habeas corpus issued pursuant to 28 U.S.C. § 2241(c)(3) extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." Similarly, 28 U.S.C. § 2254(a) states that a writ of habeas corpus is available to persons "in custody pursuant to the judgment of a State court." *See* <u>Justices of Boston Municipal Court v. Lydon</u>, 466 U.S. 294, 300 (1984). Just as with a person seeking habeas corpus relief after judgment under Section 2254, a person seeking a writ of habeas corpus before trial under Section 2241 must satisfy the requirements of the exhaustion doctrine. *See* <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California</u>, 411 U.S. 345, 353 (1973). Equivalently, a defendant in a criminal case in state court must show that available state remedies have been exhausted before proceeding in the rare cases a civil suit seeking injunctive relief is permitted. Federal pretrial interference with a state court criminal trial is forbidden without a showing of irreparable injury beyond the ordinary cost, anxiety, and inconvenience of having to defend against a criminal prosecution, <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971), and irreparable injury cannot exist when available state procedures have not been exhausted. <u>State of New Jersey v. Chesimard</u>, 555 F.2d 63, 67 (3d Cir. 1977).

As the attached docket sheets for petitioner's four pending prosecutions show, petitioner has never sought review in the Pennsylvania Superior Court of any of the

1

alleged bases for dismissal of the charges against him. He is required at the least to present his claims there before he can be considered as having exhausted his remedies in the state courts. *See* Lambert v. Blackwell, 387 F.3d 210, 232-34 (3d Cir. 2004). In his petition, petitioner explains that his lack of attempt to use the state's appellate process is because he wants a "faster order."

The attached docket sheets also make it clear that the trial court will not entertain any of his *pro se* motions because he has counsel. Counsel has not sought interlocutory review of any claim, and petitioner likely would not be able to seek interlocutory review of the claims he presents here for the same reason. However, petitioner cannot have his cake and eat it too by claiming the state court remedial process is out of reach when it is out of reach by a prohibition of hybrid representation, because such a prohibition infringes on no right of petitioner's. *See* United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012).

The Clerk shall mark this matter closed. No substantial showing of the denial of a constitutional right has been shown, and no certificate of appealability will be issued.

DATE: October 18, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Dwight Campbell #1600056
Blair County Prison
419 Market Square Alley
Hollidaysburg, PA 16648